OPINION
{¶ 1} Plaintiff-appellant, Lois B. Wachtman, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Meijer Stores Limited Partnership, and denying plaintiff's motions that facts be taken as established and that the complaint be amended to add a claim for spoliation and punitive damages. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On June 7, 2001, plaintiff was a business invitee at a Meijer store on Cleveland Avenue in Columbus, Ohio, when she slipped and fell on cherries that were on the floor. On March 5, 2002, plaintiff filed a complaint in the Franklin County Court of Common Pleas alleging that she sustained personal injury and incurred reasonable medical expenses as a direct and proximate result of defendant's negligence.
 {¶ 3} On November 8, 2002, defendant filed a motion for summary judgment. Subsequently, plaintiff filed a motion for leave to file an amended complaint as well as a motion "for order that facts be taken as established due to fabricated evidence."
 {¶ 4} On August 20, 2003, the trial court issued a decision granting defendant's motion for summary judgment, denying plaintiff's motion for order that facts be established, and denying plaintiff's motion to amend complaint. The trial court entered judgment on September 8, 2003.
 {¶ 5} Plaintiff appeals and asserts the following assignments of error:
Assignment of Error No. 1
The Trial Court Committed Prejudicial Error In Granting Appellee's Motion for Summary Judgment in That Genuine Issues of Material Fact Existed and Appellee Was Not Entitled To Judgment As A Matter Of Law.
Assignment of Error No. 2
The Trial Court Committed Prejudicial Error In Denying Appellant's Motion For A Finding That Facts Be Deemed As Established Relative To The Issue Of Appellee's Notice Of The Slip Hazard.
Assignment of Error No. 3
The Trial Court Committed Prejudicial Error In Denying Appellant's Motion To Amend The Complaint By Adding An Independent Spoliation/Punitive Damages Claim.
 {¶ 6} Under her first assignment of error, plaintiff claims that the trial court erred by granting defendant's motion for summary judgment. Appellate review of a lower court's granting of summary judgment is de novo. Hahn v. Satullo,156 Ohio App.3d 412,2004-Ohio-1057, at ¶ 33. "`De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial.'" Brewer v.Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 383, citingDupler v. Mansfield Journal Co., Inc. (1980),64 Ohio St.2d 116, 119-120, certiorari denied (1981), 452 U.S. 962,101 S.Ct. 3111.
 {¶ 7} Summary judgment is proper when a movant for summary judgment demonstrates that: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183.
 {¶ 8} In a negligence action, the plaintiff must prove by a preponderance of the evidence that the defendant owed the plaintiff a duty, that this duty was breached, and that the breach was the proximate cause of the plaintiff's injuries.Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285. Defendant does not dispute that plaintiff was a business invitee and that she fell on cherries that were on the floor at the Cleveland Avenue Meijer store. An owner of a business owes its invitees a duty of ordinary care "in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. In spite of this duty, a business owner is not an insurer of an invitee's safety. Id. For a business invitee to recover in a "slip-and-fall" negligence action against the owner of the premises, the plaintiff must show:
1. That the defendant through its officers or employees was responsible for the hazard complained of; or
2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.
Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,589.
 {¶ 9} Here, plaintiff does not argue that an employee of defendant created the hazard. Plaintiff argues that: "The evidence before the trial Court was clear that Appellee's employees had actual and/or constructive notice of the hazard posed to customers by the spilled cherries." (Plaintiff's brief, at 6.)
 {¶ 10} Plaintiff argues that the evidence regarding the size of the area of spilled cherries, her statement that she noticed smashed cherries after her fall, and the photos taken after the fall which show "extensive floor discolorization" (id. at 9; emphasis omitted), all lead to the inference that defendant had constructive notice of the slip hazard. The fact that the photographs were taken after the incident, and the fact that plaintiff noticed the smashed cherries after her fall, are not probative of whether defendant had constructive notice of the produce on the floor prior to her fall.
 {¶ 11} Moreover, the evidence regarding the size of the area of spilled cherries provides no indication as to how long the cherries were on the floor prior to plaintiff's fall. We observe that an inference of negligence cannot arise from a mere guess, speculation, or wishful thinking. Parras v. Standard Oil Co.
(1953), 160 Ohio St. 315. In this case, estimating the time the cherries were on the floor solely based on observations as to the size of the spill after the fall would be tantamount to speculation and does not establish an issue of material fact. SeeDeditch v. Silverman Bros., Inc. (July 30, 1998), Cuyahoga App. No. 73215 ("[The plaintiff] attempted to guess that [the liquid detergent] had been on the floor for ten minutes based on the size of the spill, but that guess did not establish an issue of material fact.").
 {¶ 12} Plaintiff also argues that former produce stocker Mark Snider's statements in his affidavit and deposition regarding the typical condition of the produce area could reasonably lead to the inference that defendant had actual knowledge or constructive notice of the produce on the floor. Mr. Snider stated as follows:
6. It was my experience, on a daily basis prior to June 7, 2001, that in the area in front of this produce display (see photos) there would be produce on the floor when I would come in to work at night; this produce would be in front of and underneath the display.
7. This produce on the floor would be a mess, seven days a week; it was a daily situation.
8. This mess was supposed to be cleaned up by the employees but they did not do it because they were too lazy to clean it up.
9. The usual degree of pick-up and clean-up in the area around the produce area, by other employees was poor; they were just too lazy to do their job, I complained about their poor clean-up to the higher-ups, all the time, and just got a brush off from the higher-ups; the produce area, in terms of clean-up, was the most poorly cleaned portion of the store.
(May 23, 2003 Affidavit of Mark Snider.)
 {¶ 13} In Boles v. Montgomery Ward Co. (1950),153 Ohio St. 381, at paragraph four of the syllabus, the Supreme Court of Ohio stated:
The admissibility of evidence as to similar occurrences to show notice or knowledge of danger is generally confined to situations where there are conditions of permanency, such as defects in substantial structures like buildings, machines, sidewalks and streets. Such evidence is not competent or admissible where it relates to a temporary condition which might or might not exist from one day to the next and where there is no showing that conditions surrounding the prior occurrences persisted and surrounded the occurrence which resulted in plaintiff's injury.
 {¶ 14} Although Mr. Snider stated that, prior to June 7, 2001, he would observe produce on the floor on a daily basis "when [he] would come in to work at night,"[1] that statement does not indicate that the condition was permanent under Boles. In his deposition and affidavit, Mr. Snider was critical of other Meijer employees, alleging that they had a propensity to not clean up messes in the produce area. However, according to Mr. Snider: "When [he] walked in in [sic] the * * * evening, [he] would walk [his] floor and make sure it was cleaned up. * * * [He] would clean up the mess if [he] had a mess." (Snider Depo., at 18-19.) Also in reference to spilled produce in the produce department, Mr. Snider's affidavit states that "after a routine daily cleaning, the area would be spotless." (Snider affidavit, at paragraph 5.) Plaintiff has not shown that the hazardous condition persisted from the prior occasions.
 {¶ 15} We conclude that Mr. Snider's statements relate to a temporary condition and they are not competent on the issue of whether defendant had actual knowledge or constructive notice of the produce on the floor at the time of plaintiff's fall. SeeWaddell v. Fisher Foods, Inc. (Apr. 4, 1985), Cuyahoga App. No. 48895 (finding proffered testimony that grapes were on the floor on past occasions as "not probative of whether grapes were on the floor at the time of appellant's injury or whether [the defendant] had knowledge of same since it was not established that such condition persisted from those other occasions"). But see, Vernardakis v. Thriftway, Inc. (May 7, 1997), Hamilton App. No. C-960713 (finding genuine issue as to whether defendant had actual knowledge of a hazard when "[t]he testimony of Thriftway employee * * * established that food regularly and routinely spilled from the salad bar onto the floor, that at least once a day someone would slip on items spilled from the salad bar, and that management was aware of this problem"). We observe that the Vernardakis court did not consider Boles in its analysis of this issue. Furthermore, in this case, there is no specific evidence regarding any other slip and falls resulting from produce on the floor in the produce section where plaintiff fell.
 {¶ 16} In plaintiff's first and second assignments of error, she raises the issue of the alleged "fabricated" report, and the inferences that may be drawn therefrom. Under her first assignment of error, plaintiff argues that she is "entitled to an inference that Appellee had notice of the slip hazard due to" the "fabricated Supplemental Incident Report." (Plaintiff's brief, at 9.) By her second assignment of error, plaintiff asserts that the trial court erred when it denied her motion to have facts deemed as established due to a fabrication in the record.
 {¶ 17} The report that was allegedly fabricated indicates that Mr. Snider was in the produce section of the store about 20 minutes prior to plaintiff's fall and observed no cherries on the floor. Even assuming the supplemental incident report was fabricated, plaintiff is not entitled to an inference that defendant had actual knowledge or constructive notice of the produce on the floor. Certainly, if the report was fabricated, then the report must be disregarded, thus leaving no evidence that an employee of defendant was in the area of the incident immediately prior to the incident. In support of her arguments regarding the alleged fabricated report, plaintiff cites 29 American Jurisprudence 2d (1965), Section 243, which states as follows:
The fabrication of evidence raises a presumption or inference that the supposed cause of action or defense of the party guilty of fabrication is without substantial foundation. A party's attempt to procure false testimony or to corrupt a witness, though collateral to the issues, is competent as an admission by acts and conduct that the party's case is weak and its evidence dishonest. * * *
 {¶ 18} In her brief, plaintiff contends that the report was fabricated in order to further "the central defense theme" of defendant, "that a short time before Plaintiff fell, 9:45 P.M., the floor was clear of spilled produce." (Plaintiff's brief, at 14-15; emphasis sic.) As stated by defendant in reference to the report, "[i]f true, that statement would be strong evidence Meijer had no constructive knowledge of a hazard in the produce area at the time of Appellant's fall." (Defendant's brief, at 9.) Even if this "defense theme" fails because the evidence supporting it was fabricated, plaintiff still had the burden to produce evidence that defendant had actual knowledge or constructive notice of the hazard, which she has not done in this case. Plaintiff produced no evidence showing a genuine issue of material fact as to defendant's actual knowledge or constructive notice of the hazard. We conclude that, even assuming that the report was fabricated, the inference that defendant had actual knowledge or constructive notice of the hazard because plaintiff fabricated the report is impermissible.
 {¶ 19} Contrary to plaintiff's arguments, plaintiff failed to demonstrate a genuine issue of material fact regarding whether defendant had actual knowledge or constructive notice of the produce on the floor. Based on the foregoing, we conclude that the trial court did not err when it denied plaintiff's motion that facts be established due to fabrication. Consequently, plaintiff's first and second assignments of error are overruled.
 {¶ 20} Under her third assignment of error, plaintiff argues that the trial court erred when it denied her motion to amend the complaint with a spoliation claim and a claim for punitive damages. A trial court's decision to grant or deny a motion for leave to amend a pleading will not be reversed absent an abuse of discretion. Geo-Pro Serv., Inc. v. Solar Testing Laboratories,Inc. (2001), 145 Ohio App.3d 514, 529, citing State ex rel.Askew v. Goldhart (1996), 75 Ohio St.3d 608, 610. An abuse of discretion "`connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, quoting State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 21} In this appeal, plaintiff argues that the "trial court did not give any consideration to the clear principle that Appellant's spoliation claim is independent of Appellant's premises liability negligence claim." (Plaintiff's brief, at 19.) Regarding her claim of spoliation of records, plaintiff's proposed amended complaint alleged, in pertinent part, the following:
7. Defendant, by and through its agents and/or employees, fabricated a document contained within its incident file regarding Plaintiff's slip and fall on June 7, 2001.
8. At the time of the fabrication, litigation involving Plaintiff was pending or probable.
9. Agents and/or employees of Defendant had knowledge that litigation existed or was probable.
10. Agents and/or employees of Defendant demonstrated actual malice and willfully, recklessly and wantonly fabricated evidence with the design to disrupt Plaintiff's case.
11. There has been a disruption of Plaintiff's case and she has been injured as a direct and proximate result of this disruption.
12. The fabrication at issue is inextricably intertwined with Plaintiff's underlying claim against Defendant.
(See plaintiff's Motion for Leave to File Amended Complaint, Exhibit A.)
 {¶ 22} The Supreme Court of Ohio, in Smith v. Howard JohnsonCo., Inc. (1993), 67 Ohio St.3d 28, 29, held that, in Ohio, a cause of action exists in tort for interference with or destruction of evidence. The claim of "interference or destruction of evidence" is also referred to as spoliation of evidence. Barker v. Wal-Mart Stores, Inc. (Dec. 31, 2001), Franklin App. No. 01AP-658. The elements of the tort are as follows:
* * * (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts * * * [.]
Smith, at 29.
 {¶ 23} The Smith court also provided that "such a claim should be recognized between the parties to the primary action and against third parties; and * * * such a claim may be brought at the same time as the primary action." Id. A spoliation claim under Smith is not predicated on the result of an underlying action.
 {¶ 24} As outlined above, in a spoliation case brought pursuant to Smith, the plaintiff must demonstrate "willful destruction of evidence by defendant designed to disrupt the plaintiff's case." Additionally, a plaintiff must prove that the underlying case was disrupted, and that the disruption proximately caused damages.
 {¶ 25} We observe that plaintiff does not allege that defendant willfully destroyed evidence. Plaintiff alleges a "fabrication." For that reason alone, a separate claim for spoliation under Smith necessarily fails in this case. Furthermore, plaintiff's underlying negligence claim was not "disrupted" by an alleged fabrication. With or without the allegedly fabricated report in the record, there is no evidence in the record that defendant had actual knowledge or constructive notice of the hazard. Therefore, to the extent plaintiff would allege an independent claim under Smith, that claim would necessarily fail.
 {¶ 26} In her memorandum in support of her motion for leave to file amended complaint, plaintiff states that the claim of spoliation is an independent claim under Moskovitz v. Mt. SinaiMed. Ctr. (1994), 69 Ohio St.3d 638. A claim under Moskovitz
is essentially a claim for punitive damages for spoliation. See id.
 {¶ 27} Moskovitz involved the alteration of medical records. Specifically, there was some evidence that important information in a medical record had been "whited-out." Id. at 643. In Moskovitz, the defendant altered medical records to conceal negligence. The Moskovitz court held, at paragraph one of the syllabus:
An intentional alteration, falsification or destruction of medical records by a doctor, to avoid liability for his or her medical negligence, is sufficient to show actual malice, and punitive damages may be awarded whether or not the act of altering, falsifying or destroying records directly causes compensable harm.
 {¶ 28} Here, plaintiff's spoliation claim is not based on the destruction of evidence. In her reply brief, at 6, plaintiff points out that the basis of her spoliation claim is the "creation of fraudulent evidence." (Emphasis sic.) The Second District Court of Appeals has observed that after Smith, "no court in Ohio (at least that our research has disclosed) has extended spoliation to anything other than the destruction of physical evidence." Pratt v. Payne, 153 Ohio App.3d 450, 454,2003-Ohio-3777, at ¶ 26. The Pratt court cites the Moskovitz
case, among many others, as supporting this proposition.
 {¶ 29} Plaintiff does not claim that the report was changed or modified in a way to conceal information detrimental to defendant. Cf. Moskovitz. Plaintiff merely claims that the document was fraudulently created to provide support for the idea that defendant did not have notice of the hazard. Nevertheless, we will proceed in our analysis assuming, arguendo, that the alleged fabrication would constitute some form of spoliation under Moskovitz.
 {¶ 30} In Moskovitz, the plaintiff recovered under an underlying claim that was inextricably intertwined with the defendant's alteration of records, thereby forming "the necessary predicate for the award of punitive damages based upon the alteration of medical records." See id. at 651. The court also noted that "[i]f [the plaintiff] were constrained to bring a separate cause of action for spoliation of evidence, that claim would inevitably fail, since there is no damage flowing directly from the alteration of records." Id. at 650-651. The case at bar is similar to Moskovitz because "[t]he fabrication at issue is inextricably intertwined with Plaintiff's underlying claim against Defendant." Also, we find the case at bar to be similar to Moskovitz to the extent that recovery due to spoliation is contingent on another claim. If plaintiff had recovered under her negligence claim, then she may have been entitled to punitive damages based on defendant's alleged fabrication of evidence. However, this case is different from Moskovitz because plaintiff's underlying claim fails.
 {¶ 31} Therefore, regardless of whether plaintiff's spoliation claim would be brought under Smith or Moskovitz,
it necessarily would fail. First, plaintiff's underlying negligence case was not disrupted by the allegedly fabricated report; plaintiff simply did not provide any evidence that defendant had actual knowledge or constructive notice of the hazard. Second, because plaintiff's underlying negligence claim was unsuccessful, a claim for punitive damage for spoliation under Moskovitz would be precluded.
 {¶ 32} Based on the foregoing, we conclude that the trial court did not abuse its discretion when it denied defendant's motion for leave to file an amended complaint, and plaintiff's third assignment of error is overruled.
 {¶ 33} For the foregoing reasons, plaintiff's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus, P.J., and Klatt, J., concur.
[1] It is undisputed that Mr. Snider arrived at the store at 6:13 p.m. on the day of the incident. (See defendant's answer to plaintiff's interrogatory No. 2 and defendant's brief, at 7, 8.)