{¶ 14} I respectfully dissent. I find that plaintiffs' evidence failed to establish a genuine issue of fact as to whether a defective condition existed long enough to impute constructive notice to the city. I would therefore conclude that the city is entitled to immunity in this matter as a matter of law.
 {¶ 15} Actual or constructive notice remains a prerequisite to liability under R.C. 2744.02(B)(3). Harp v. Cleveland Heights,87 Ohio St.3d 506, 2000-Ohio-467, 721 N.E.2d 1020. There is constructive knowledge if "such nuisance existed in such a manner that it could or should have been discovered, that it existed for
 {¶ 16} a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger * * *." Id., citing Beebe v.Toledo (1958), 168 Ohio St. 203, 207, 151 N.E.2d 738, 741. AccordWinwood v. Dayton (1988), 37 Ohio St.3d 282, 525 N.E.2d 808; Ruwe v. Bd.of Springfield Twp. Trustees (1987), 29 Ohio St.3d 59, 505 N.E.2d 957;Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 666 N.E.2d 316.
 {¶ 17} In addition, this court has refused to infer that there is constructive notice from failure to inspect when the city had no notice of its defective condition. Id.; Head v. Brooks (Dec. 13, 2001), Cuyahoga App. No. 78411.
 {¶ 18} With regard to whether constructive notice can be imputed from similar occurrences, we note that in Boles v. Montgomery Ward Co.
(1950), 153 Ohio St. 381, 92 N.E.2d 9, paragraph four of the syllabus, the Supreme Court of Ohio stated:
 {¶ 19} "The admissibility of evidence as to similar occurrences to show notice or knowledge of danger is generally confined to situations where there are conditions of permanency, such as defects in substantial structures like buildings, machines, sidewalks and streets. Such evidence is not competent or admissible where it relates to a temporary condition which might or might not exist from one day to the next and where there is no showing that conditions surrounding the prior occurrences persisted and surrounded the occurrence which resulted in plaintiff's injury."
 {¶ 20} Accord Wachtman v. Meijer, Inc., Franklin App. No. 03AP-9482004-Ohio-6440; Sollo v. Goodnight Inn (Jan.16, 1998), Sandusky App. No. S-96-049; Taggart v. Professional Maintenance (Aug. 12, 1993), Franklin App. No. 93AP-504; Richardson v. J. C. Penney Co. (Mar. 7, 1990), Crawford App. No. 3-88-22.
 {¶ 21} Plaintiff's evidence established that when the light turned green, Tomlin made a left hand turn onto Woodland and was struck by Pleban's vehicle, which was traveling westbound on Woodland. Pleban testified that the light at the intersection went from green to red with no yellow light. In the four-month period before the collision, there had been eight trouble reports for that intersection, but in two of these instances, the light was "OK" or "okay on arrival" of the work crew. Charles Votaky authenticated records indicating that a crew changed the westbound red light bulb. The light was repaired on January 26, 2004. On March 5, 2004, a crew changed the relays and adjusted the motor switch. A malfunction was reported on March 7, 2004, but the signal was okay on arrival. A malfunction was reported on March 9, 2004, but the signal was okay on arrival. On March 18, 2004, a light was out on the green output. On March 20, 2004, the light was stuck. On April 12, 2004, a crew replaced the northbound green output and the westbound amber output and repaired the contacts. Several hours after the collision in this matter, a crew replaced the east and westbound amber bulbs and adjusted the contacts.
 {¶ 22} I would find that the work records, standing alone, are not of such a character as to generate a question of fact as to constructive notice that the light was defective as they were not shown to relate to conditions of permanency, but rather, related to temporary conditions such as bulb replacement. Moreover, we cannot say that the replacement of lights and repair of contacts one month earlier was sufficient as a matter of law to put the city on notice that the light was defective since bulbs by nature will need periodic replacement. There was no showing that conditions surrounding the prior occurrences persisted and caused the occurrence which resulted in plaintiffs' injury. Finally, the city had no duty to constantly inspect the light to determine whether it was operational.
 {¶ 23} I find the city's assignment of error well-taken and I would reverse the judgment of the trial court.