I. Facts/Procedural History {¶ 1} Plaintiff-appellants, Holly A. Williams, Michelle Williams, Danielle Williams, and Amanda Williams (hereinafter collectively "the Williams"), appeal the judgment of the Shelby County Court of Common Pleas granting summary judgment in favor of defendant-appellees, Continental Express Company and Continental's President, Russell Gottemoeller (hereinafter collectively "Continental"). For reasons that follow, we affirm.
 {¶ 2} David Williams ("David"), husband of Holly Williams and father of Michelle, Danielle, and Amanda Williams, worked for Continental. On October 18, 1996, David was negligently struck and killed by another motorist while driving a vehicle he owned. The Williams thereafter filed a lawsuit against the other motorist, which was eventually settled. The Williams also filed Ponzer[1] claims against Continental's insurance companies, which were eventually *Page 3 
dismissed following Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256.
 {¶ 3} On June 20, 2004, the Williams filed a complaint against Continental alleging spoliation in the Montgomery County Court of Common Pleas. On June 19, 2006, this action was voluntarily dismissed without prejudice and, on January 17, 2007, was again re-filed in Montgomery County. On February 13, 2007, Continental filed a motion to dismiss or in the alternative to transfer venue, as well as an answer and counterclaim. On June 26, 2007, the Montgomery County Court of Common Pleas granted Continental's motion to transfer venue to the Shelby County Court of Common Pleas.
 {¶ 4} On February 25, 2008, Continental filed a motion for summary judgment asserting that the Williams' claims were a nullity under Ohio law, because a spoliation claim requires the destruction of existing evidence, not the creation of false evidence. On March 24, 2008, the trial court granted Continental's motion for summary judgment.
 {¶ 5} On April 14, 2008, the Williams filed a motion for reconsideration and motion to amend the complaint to add a second claim of relief for fraud, which was denied. On April 23, 2008, the Williams filed a notice of appeal to this Court.
 {¶ 6} The Williams now appeal the trial court's grant of summary judgment and assert two assignments of error for our review. *Page 4 
 II. Standard of Review {¶ 7} An appellate court reviews a grant or denial of summary judgment pursuant to Civ. R. 56(C) de novo. Wampler v. Higgins (2001),93 Ohio St.3d 111, 127, 752 N.E.2d 962, citing Doe v. Shaffer (2000),90 Ohio St.3d 388, 390, 738 N.E.2d 1243, citing Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. To prevail under Civ. R. 56(C), a party must show: (1) there are no genuine issues of material fact; (2) it appears from the evidence that reasonable minds can reach but one conclusion when viewing evidence in the nonmoving party's favor, and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to judgment as a matter of law. Civ. R. 56(C);Shaffer, 90 Ohio St.3d at 390; Grafton, 77 Ohio St.3d at 105.
 {¶ 8} Material facts have been identified as those facts "that might affect the outcome of the suit under the governing law." Turner v.Turner (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248,91 L.Ed.2d 202, 106 S.Ct. 2505. "Whether a genuine issue exists is answered by the following inquiry: Does the evidence present "a sufficient disagreement to require submission to a jury" or is it "so one-sided that one party must prevail as a matter of law[?]" Id., citing Liberty Lobby, Inc.,477 U.S. at 251-52.
 {¶ 9} Summary judgment should be granted with caution, resolving all doubts in favor of the nonmoving party. Perez v. Scripts-HowardBroadcasting *Page 5 Co. (1988), 35 Ohio St.3d 215, 217, 520 N.E.2d 198. "The purpose of summary judgment is not to try issues of fact, but is rather to determine whether triable issues of fact exist." Lakota Loc. SchoolsDist. Bd. of Edn. v. Brickner (1996), 108 Ohio App.3d 637, 643,671 N.E.2d 578.
 III. Analysis ASSIGNMENT OF ERROR NO. I THE TRIAL COURT PURPORTED TO DISMISS THE ENTIRE ACTION BY DISMISSING THE SPOLIATION CLAIM EVEN THOUGH A SECOND CLAIM FOR RELIEF SOUNDING IN FRAUD WAS ALSO SET FORTH ON THE FACE OF THE COMPLAINT.
 {¶ 10} In their first assignment of error, the Williams argue that the trial court erred by granting summary judgment because "the complaint not only asserted a spoliation claim, but also stated sufficient allegations with the particularity required by Civil Rule 9(B), providing notice of a common law claim of fraud." (Appellant's Brief at 2). Continental, on the other hand, argues that the complaint did not set forth an independent claim of fraud with the specificity that Civ. R. 9(B) requires.
 {¶ 11} In response to Continental's motion for summary judgment, the Williams argued that the complaint sufficiently stated a spoliation claim because there was no legal difference between altering a document and creating one. The Williams did not, however, argue that the complaint also stated a separate fraud claim. The first time the Williams made this argument was in a "motion to *Page 6 
reconsider" filed after the trial court granted summary judgment. (Doc. No. 30). "A motion for reconsideration of final judgment in the trial court, however, is a nullity." Shalkhauser v. Medina,148 Ohio App.3d 41, 2002-Ohio-222, 772 N.E.2d 129, ¶ 11, citing Pitts v. Dept. ofTransp. (1981), 67 Ohio St.2d 378, 379, 423 N.E.2d 1105. Since the Williams failed to raise this issue below, they cannot now raise the issue on appeal. Maust v. Meyers Products, Inc. (1989),64 Ohio App.3d 310, 313-14, 581 N.E.2d 589, citations omitted; Hopson v. Ohio Bur. ofWorkers' Comp. (1993), 88 Ohio App.3d 196, 200, 623 N.E.2d 667;Stanley v. City of Miamisburg (Jan. 28, 2000), 2nd Dist. No. 17912, at *10.
 {¶ 12} Furthermore, we are not persuaded that the Williams' fraud claim was plead with the specificity required to give Continental notice of a separate claim of fraud. The complaint is captioned "First Claim for Relief (Spoliation)," and the first paragraph provides: "A spoliation claim based on these same essential grounds was first filed on July 20, 2004 and then subsequently dismissed without prejudice on June 19, 2006 (Second Claim for Relief, Case No. 04-CV-4813)." (Jan. 17, 2007 Complaint at ¶ 1). It is apparent from the face of the complaint that it asserted one claim of relief for spoliation. The complaint's recitation of facts sounding in fraud provided the basis for the spoliation claim, not a separate claim of fraud. That the complaint is phrased in terms that sound in fraud is not sufficient to give Continental notice of a separate claim of fraud; and therefore, the fraud claim was not plead with Civ. R. 9(B)'s required specificity. See e.g. *Page 7 Columbus Production Credit Assoc. v. Saker (Sept. 28, 1982), 10th Dist. No. 82AP-361, at *3, citing Haddon View Inv. Co. v. Coopers Lybrand (1982), 70 Ohio St.2d 154, 436 N.E.2d 212.
 {¶ 13} The Williams' first assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED IN DISMISSING THE SPOILATION [SIC] CLAIM ON GROUNDS THAT THE CREATION OF A FALSE DOCUMENT DOES NOT STATE A CLAIM FOR RELIEF IN SPOILATION [SIC].
 {¶ 14} In their second assignment of error, the Williams argue that the trial court erred by determining that a spoliation claim requires an allegation of destruction or alteration of an already existing document. The Williams argue that the creation of a false document is legally indistinguishable from the alteration of an existing truthful document. Furthermore, the Williams argue that the trial court's distinction was unreasonable; and therefore, violated their due process rights under both the Ohio and U.S. Constitutions. Continental, on the other hand, argues that the trial court's grant of summary judgment on the spoliation claim was in accordance with Ohio Appellate authority. We agree with Continental.
 {¶ 15} The trial court sub judice granted summary judgment on the Williams' spoliation claim because "* * * Ohio law does not provide for a cause of action of tortious interference with evidence or spoliation where the claim is the *Page 8 
creation of a false document." (Mar. 24, 2008 JE at 3). We agree. A claim of spoliation has the following elements:
 (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts.
Sheets v. Norfolk S. Corp. (1996), 109 Ohio App.3d 278, 288,671 N.E.2d 1364 (emphasis added), citing Smith v. Howard Johnson Co. (1993),67 Ohio St.3d 28, 29, 615 N.E.2d 1037. The Williams' complaint, however, asserted that:
 The company president, Defendant Russell Gottemoeller, acting both individually and in the course and in the scope of his employment with Defendant Continental Express Company, created a false document, which purported on its face to have been written just 11 days before the death of David Williams. This false document, which purported to terminate David's employment with Continental Express Company was created for the purpose of precluding the Plaintiff's from any recovery on "Ponzer" underinsured motorists claims against Continental National Indemnity Company and Cincinnati Insurance Company.
(Complaint at ¶ 7) (emphasis added). (See also Complaint at ¶¶ 8-9) ("false termination letter * * * written") (defendants "created the false termination letter"). On its face, the complaint does not claim any destruction of evidence as required for a cognizable spoliation claim; rather, it asserts that defendants created a false document. Ohio courts have declined to extend spoliation claims beyond the destruction of physical evidence. Pratt v. Payne, 153 Ohio App.3d 450,2003-Ohio-3777, *Page 9 794 N.E.2d 723, ¶ 21; Wachtman v. Meijer, Inc., 10th Dist. No. 03AP-948,2004-Ohio-6440, ¶¶ 28-31. See also, Keen v. Hardin Memorial Hosp., 3d Dist. No. 6-03-08, 2003-Ohio-6707, ¶ 16 ("Non-existent evidence, by its very nature, cannot be spoiled.") (citing Payne, 2003-Ohio-3777, at¶ 21); Bugg v. Am. Std, Inc., 8th Dist. No. 84829, 2005-Ohio-2613, ¶ 23;O'Brien v. Olmstead Falls, 8th Dist Nos. 89966, 90336,2008-Ohio-2658, ¶¶ 19-20; Davis v. Wal-Mart Stores, Inc. (2001),93 Ohio St.3d 488, 493, 756 N.E.2d 657 (Cook, J., dissenting).
 {¶ 16} The Williams argue that this case is distinguishable fromPayne, supra, because Payne involved a perjury-based spoliation claim whereas this case involves physical, documentary evidence. Although we agree that Payne involved perjured testimony, Payne's proposition — that "no court in Ohio * * * has extended spoliation to anything other than the destruction of physical evidence" — is still relevant because the Williams seek to extend spoliation to the creation of a false document, which the Court in Payne declined to do. 2003-Ohio-3777 at¶ 21. Thus, the Williams' alleged distinguishing factor is one without legal significance.
 {¶ 17} The Williams further argue that this case is similar toMoskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638,635 N.E.2d 331. We disagree. To begin with, the defendant in Moskovitz altered an existing document and did not create a false document, which makes that case distinguishable from the case at bar. 69 Ohio St.3d at 643-44;Wachtman, 2004-Ohio-6440, at ¶ 27. Furthermore, Moskovitz's purported rule of law cited by the Williams — that "[a] cause of action *Page 10 
exists in tort for interference with or destruction of evidence" — was mere dicta. Id. at 650-51. Finally, the Moskovitz case does not state that a cognizable spoliation claim exists where the alleged illegal conduct is the creation of false or fraudulent evidence.Watchman, 2004-Ohio-6440, at ¶¶ 28-29. The Williams' reliance uponMoskovitz is, thus, misplaced as well.
 {¶ 18} The Williams' also argue that the trial court's distinction between creation of a false document and destruction/alteration of an existing document was unreasonable, and therefore, violated their due process rights. We find this argument meritless. The Williams' provide no legal basis for their contention; in fact, they cited an equal protection case, not a due process case.
 {¶ 19} Since the Williams have not alleged that Continentaldestroyed evidence, they have not stated a spoliation claim; and therefore, the trial court did not err in granting Continental's motion for summary judgment.
 {¶ 20} The Williams' second assignment of error is, therefore, overruled.
 IV. Conclusion {¶ 21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and ROGERS, J., concur.
[1] Scott-Ponzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 710 N.E.2d 1116. *Page 1