JOURNAL ENTRY AND OPINION
{¶ 1} This appeal came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, the briefs, and the oral arguments of counsel. Mirage on the Water, Inc. ("Mirage") appeals the judgment of the trial court, as rendered in Essex Insurance Company v. Mirage on the Water, Inc., etal., Cuyahoga County Court of Common Pleas Case No. CV-549797, which granted a motion for summary judgment as filed by Essex Insurance Company ("Essex"). Finding no merit to the appeal, we affirm the judgment of the trial court.
THE FACTS
 {¶ 2} On October 12, 2004, Lakisha D. Chappell filed a complaint in the Cuyahoga County Court of Common Pleas, Case No. CV-545103, against Mirage. Chappell alleged that she sustained personal injuries on October 13, 2003, when "bouncers came up behind her and indiscrimately (sic) knocked Plaintiff to the floor, stepped on Plaintiff and kicked Plaintiff in the head for no apparent reason." See complaint as filed by Chappell, ¶ 6. Mirage tendered a copy of the Chappell complaint to Essex, an insurance company that provided liability coverage to Mirage for the policy period of June 26, 2003, to June 26, 2004. On December 14, 2004, Essex filed a complaint for declaratory judgment, seeking a declaration that the terms and provisions of the insurance policy issued to Mirage did not extend coverage, with regard to the injuries sustained by Chappell, and that there existed no duty to defend or indemnify Mirage. On November 22, 2005, the trial court granted a motion for summary judgment on behalf of Essex and declared that:
Motion of Essex Insurance Company (filed 10/5/2005) for summary judgment is granted. The court, having considered all the evidence and having construed the evidence most strongly in favor of the non-moving party, determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that Essex Insurance Company is entitled to judgment as a matter of law. The policy of insurance issued to Mirage on the Water, Inc. contains several exclusions for injuries resulting from an assault and/or battery by anyone or for any act or omission connected with the prevention of an assault or battery. The court finds that there is not insurance coverage for negligent hiring, employment, training, placement, supervision of bouncers, or punitive damages.
 {¶ 3} Mirage has timely filed a notice of appeal from the judgment of the trial court, which granted summary judgment on behalf of Essex. Mirage raises one assignment of error in support of its appeal.
STANDARD OF REVIEW
 {¶ 4} Appellate review of summary judgment is de novo.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 1996-Ohio-336,671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equip. Co.
(1998), 124 Ohio App.3d 581, 706 N.E.2d 860. The Supreme Court of Ohio, in Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367,1998-Ohio-389, 696 N.E.2d 201, set forth the standard that must be applied before summary judgment can be granted.
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264."
Id., at 369.
 {¶ 5} Once the party moving for summary judgment has satisfied its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 1996-Ohio-389, 667 N.E.2d 1197. Any doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d 138.
LEGAL ANALYSIS
 {¶ 6} Mirage, in support of its appeal, has raised one assignment of error:
THE CUYAHOGA COUNTY COURT OF COMMON PLEAS ERRED IN GRANTING SUMMARY JUDGMENT WHERE THERE REMAINED ISSUES OF FACT. THERE WAS INSUFFICIENT TESTIMONY TO ESTABLISH WHETHER THE PATRON'S INJURIES AROSE FROM AN ASSAULT AND BATTERY AT THE NIGHTCLUB.
 {¶ 7} Mirage, through its sole assignment of error, argue that the trial court erred by granting summary judgment on behalf of Essex. The policy of insurance, as issued by Essex to Mirage, contained an exclusion captioned "Restaurant, Bar, Tavern Nightclubs, Fraternal and Social clubs Endorsement," which provided that:
The coverage under this policy does not apply to `bodily injury', `property damage', `personal injury', advertising injury' or any injury, loss or damage arising out of:
Assault and/or Battery or out of any act or omission in connection with the prevention or suppression of such act, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person. Furthermore, assault and/or battery includes `bodily injury' resulting from the use of reasonable force to protect persons or property.
 {¶ 8} Policy exclusions, which negate insurance coverage for injuries caused by or sustained as the result of an assault and battery, have been found to be valid by this court. In Negron v.Odeon Concert Club, Inc. (Dec. 7, 1998), Cuyahoga App. No. 73165, this court held that:
The plain language of the endorsement to the policy excludes coverage for injuries such as those sustained by appellee because the actor's intent is irrelevant; what was excluded was the type of injury itself. In this manner, appellee (sic) [appellant] removed the ambiguity and shielded itself from the obligation to defend which had been found by the supreme court in Swanson.
Appellee alleged in her complaint against the insured that she had been thrown to the ground and trampled; this injury was specifically covered by the assault and battery exclusion because appellee suffered a harmful and offensive contact. Thus, appellee could not prevail on the claim against appellant. Century SuretyCo. v. The Bucket Shop (Sep. 25, 1996), Summit App. No. 17784, unreported; cf., Physicians Ins. Co. Of Ohio v. Swanson, supra.
Id., at 6.
 {¶ 9} In addition, the Ninth District Court of Appeals, inSphere Drake Ins. Co. v. Ross (1992), 80 Ohio App.3d 506,609 N.E.2d N.E.2d 1284, examined the issue of an assault and battery exclusion in an insurance policy, and held that:
By contrast, in the case sub judice, we find no ambiguity in the policy. From the clear language of the exclusionary clause, Sphere is not liable for injuries "arising out of assault and battery or out of any act of omission" resulting in an assault and battery. Absent an ambiguity, the words of the policy must be given their plan and ordinary meaning. Burris v. Grange Mut.Ins. Co. (1989), 46 Ohio St.3d 84, 89, 545 N.E.2d 83, 88. Under this type of exclusionary clause, Sphere does not have to show that Ross' injuries were expected or intended by Froggies. Sphere has to show only that the injuries resulted from an assault and battery perpetrated by "the insured, his employees, patrons or any other person." * * *
In conclusion, we find no ambiguity in the assault and battery exclusion contained in the insurance policy. Because Ross' injuries resulted directly from an assault and battery, the exclusion operates to exempt Sphere from any liability under the policy. Even should Ross prevail in his negligence action against Froggies, it would not effect this result. The fact that a concurrent cause in negligence may have contributed to Ross' injury does not change the fact that his injury was the result of an assault and battery, the very thing the policy excludes from its coverage. Id., at 509.
 {¶ 10} In the case sub judice, the language of the "Restaurant, Bar, Tavern, Nightclubs, Fraternal and Social Clubs Endorsement", as contained within the policy of insurance issued by Essex to Mirage, clearly and unambiguously provided that coverage did not extend to any bodily injury, which resulted from or related to an assault and battery that occurred on the insured's property. In addition, the record before this court clearly demonstrates that Lakisha Chappell sustained personal injuries as a result of an assault and battery that occurred on October 13, 2003, at the nightclub operated by Mirage. See motion for summary judgment filed by Essex on Oct. 5, 2005, and brief in opposition to motion for summary judgment as filed by Lakisha Chappell on Oct. 24, 2005. Thus, the exclusion contained within the policy of insurance obviated any duty on the part of Essex to defend or to cover any damages arising out of an altercation, which occurred at the nightclub operated by Mirage, and resulted in injury to Lakisha Chappell.
 {¶ 11} Accordingly, we find that Mirage's sole assignment of error is not well taken and that the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Gallagher, J., concur.