JUDGMENT: AFFIRMED
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Virginia Manigault, individually and as guardian of Leon Manigault ("appellants") appeals from the trial court's decision granting summary judgment in favor of O'Connor Automotive ("O'Connor") and Motorists Mutual Insurance Company ("Motorists Mutual"). Appellants argue that the trial court erred when it found consequential damages were not recoverable for breach of a bailment contract, and when it concluded no liability coverage existed for this claim. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} This appeal arises from a product liability action brought by appellants against Ford Motor Company ("Ford"). On March 3, 1993, appellants were in their 1987 Crown Victoria when the car suddenly accelerated, causing an accident in which appellants suffered extensive injuries. In 1995, the appellants commenced a product liability action against Ford, alleging that the Crown Victoria was defectively designed and manufactured.
 {¶ 3} In an effort to safeguard the vehicle so that both the appellants' and Ford's experts could inspect it, the appellants' law firm entered into a bailment contract with O'Connor to store the Crown Victoria. A short time thereafter, the vehicle was lost or stolen while in the possession of O'Connor. As a result of this lost vehicle, the appellants had to defend against numerous motions filed by Ford alleging spoliation of evidence. In July 1996, the parties tried the matter to the jury, which returned a verdict in favor of Ford.
 {¶ 4} The appellants appealed the jury's verdict and resulting judgment and also filed a motion with the trial court seeking relief pursuant to Civ.R. 60(B). When the trial court granted the appellants' Civ.R. 60(B) motion, Ford appealed and this court reversed the trial court's order. See Manigault v. Ford Motor Co. (1999),134 Ohio App.3d 402. The appellants appealed to the Ohio Supreme Court, which reversed the judgment in favor of Ford and granted the appellants a new trial. See Manigault v. Ford Motor Co., 96 Ohio St.3d 431, 2002-Ohio-5057. The appellants settled their claims against Ford during the second trial, which took place in February 2004.
 {¶ 5} The appellants initiated this separate lawsuit against O'Connor, alleging claims of breach of bailment contract, conversion, and negligence. In their complaint, the appellants sought to recover damages from O'Connor for what they alleged was a loss of opportunity to secure a larger settlement against Ford in the product liability action, and for the time, effort and money the appellants expended in defending against Ford's spoliation defense.
 {¶ 6} On September 24, 2004, intervenor appellee Motorists Mutual, the former insurance company of O'Connor, filed a motion for leave to intervene instanter, which the trial court granted. Motorists Mutual and O'Connor then filed motions for summary judgment. In their motions, appellees argued that appellants' claims were not predicated upon breach of bailment contract, conversion, and negligence, but were instead based upon the tort of spoliation of evidence. Therefore, they argued, because Ohio recognizes only intentional spoliation and, because appellants conceded that O'Connor did not intentionally lose the car, appellants' complaint must be dismissed. Motorists Mutual also argued that because intentional spoliation of evidence is not a loss covered by the applicable insurance policy, it was entitled to declaratory relief finding no coverage.
 {¶ 7} On March 9, 2006, the trial court granted summary judgment to both O'Connor and Motorists Mutual. The trial court noted that, although there was no dispute that O'Connor negligently breached its duty to preserve the car, appellants' damages were limited to the salvage value of the 1987 Crown Victoria. The trial court concluded that consequential damages are not recoverable for breach of a bailment contract, but are available instead only under a theory of intentional spoliation of evidence. In addressing Motorists Mutual's motion, the court ruled that the term "property damage" in the applicable insurance policy did not cover intentional spoliation and, therefore, there was no liability coverage.
 {¶ 8} Appellants appeal from the trial court's grant of summary judgment in favor of O'Connor and Motorists Mutual.
 {¶ 9} Appellate review of summary judgment is de novo. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 1996-Ohio-336. The Supreme Court of Ohio, in Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 1998-Ohio-389, superseded on other grounds, set forth the standard that must be applied before summary judgment can be granted.
 "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." (Citations omitted.)
 {¶ 10} Once the party moving for summary judgment has satisfied its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E);Mootispaw v. Eckstein, 76 Ohio St.3d 383, 1996-Ohio-389. Any doubts must be resolved in favor of the nonmoving party. Essex Ins. Co. v. Mirage onthe Water, Inc. et al, Cuyahoga App. No. 87507, 2006-Ohio-5023.
 {¶ 11} In their first assignment of error, the appellants argue as follows:
 "The trial court erred in ruling that appellant may not recover consequential damages for breach of bailment contract solely because the bailed item is evidence in a trial.
 {¶ 12} Appellants' second assignment of error reads as follows:
 "The damages claimed by appellant are recoverable as consequential damages for breach of contract."
 {¶ 13} Because these assignments of error address the same legal issues, we will address them together.
 {¶ 14} Pursuant to the law of bailment, the bailee's promise is to return the bailed property undamaged upon the termination of the bailment. Maloney v. Gen. Tire Sales, Inc. (1973), 34 Ohio App.2d 177,180. In order to state a prima facie case for breach of a bailment contract, the plaintiff must establish the following: (1) the contract of bailment existed, (2) delivery of the bailed property to the bailee, and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment. David v. Lose (1966),7 Ohio St.2d 97, paragraph one of the syllabus. When a plaintiff proves a prima facie case for breach of a bailment contract, the burden of going forward with the evidence shifts to the bailee to explain the failure to redeliver the bailed property. Id. However, this appeal is not about establishing a prima facie case or burden shifting. The issue in this case relates to the damages sought by the appellants.
 {¶ 15} In Ohio, where an action involves the conversion, loss, or destruction of property that is the subject matter of a bailment, the damages recoverable by the bailor are to be determined by the fair market value of the property at the time when it is lost, destroyed, or stolen. Parrish v. Machlan (1997), 131 Ohio App.3d 291, citingMaloney, 34 Ohio App.2d at 180. In the present case, the appellants are not seeking the fair market value of the 1987 Crown Victoria at the time when it was lost or stolen while in the possession of O'Connor. The damages the appellants claim include "the extra costs and delays incurred in prosecuting their claim against Ford, plus the reduction in the settlement value of the case." In granting O'Connor's motion for summary judgment, the trial court found that the appellants were not seeking recovery of damages recognized in Ohio that result from breach of a bailment contract, negligence, or conversion; they sought consequential damages consisting of damages that they allegedly could have recovered against Ford in the underlying product liability lawsuit. The trial court concluded that under Ohio law, the appellants were not entitled to recover the consequential damages they sought from O'Connor. We agree with this conclusion.
 {¶ 16} In granting summary judgment, the trial court relied upon the Tenth Appellate District's opinion in Thomas v. Nationwide Mutual Ins.Co. (1992), 79 Ohio App.3d 624. In Thomas, the plaintiff suffered injuries when her car struck an oncoming vehicle after crossing a median in the road. After the accident, her insurer had the vehicle towed to a salvage yard. Because the plaintiff's father, in a conversation with an agent of the insurer, questioned whether a defect caused the accident, the insurance company instructed the salvage yard to preserve the car. Nevertheless, the salvage yard sold some of the parts from the car's front end, making it impossible for an expert to determine whether the crash was caused by a defect in the car. The plaintiff sued the salvage yard for loss of this evidence.
 {¶ 17} The trial court granted summary judgment to both defendants. On appeal, the Thomas court noted that although couched in terms of agency and negligence, the case truly amounted to one of bailment. As such, the trial court found that the plaintiff presented a prima facie case of breach of the bailment because the car was not returned in the same condition it was in when the insurance company and the salvage yard took possession. The Thomas court went on to state:
 "Nevertheless, this case turns not upon whether or not there is evidence of a duty to plaintiff, nor even if there is a negligent failure to fulfill that duty, since plaintiff does not seek to recover the difference in market value of the vehicle with and without the removed parts but, instead, seeks to recover claimed consequential damages, consisting of the damages she would have recovered from the tortfeasor, who allegedly delivered defectively designed parts or negligently repaired the vehicle, causing the steering mechanism to malfunction, with the plaintiff being unable to control the vehicle."
 {¶ 18} Just as in Thomas, the appellants in this case do not seek to recover the fair market value of the salvaged 1987 Ford Crown Victoria but, instead, seek to recover consequential damages consisting of the damages they would have recovered from Ford, who allegedly defectively designed and manufactured the vehicle. Therefore, although the appellants allege claims of breach of bailment contract, conversion, and negligence, their claims for damages reveal that they are actually asserting a claim of negligent spoliation of evidence.
 {¶ 19} Ohio law does not recognize a cause of action for the recovery of damages for interference with a litigant's cause of action unless there has been an intentional spoliation of evidence. Smith v. HowardJohnson Co., Inc., 67 Ohio St.3d 28, 1993-Ohio-229; Wachtman v.Meijer, Franklin App. No. 03AP-948, 2004-Ohio-6440, White v. Ford MotorCo. (2001), 142 Ohio App.3d 384. In order to establish the tort of intentional spoliation of evidence, the plaintiff must prove the following elements: (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of the defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of plaintiff's case, and (5) damages proximately caused by the defendant's acts.Smith, supra.
 {¶ 20} The appellants cannot prove that a tort of intentional spoliation occurred because they have presented no evidence of intentional wrongful conduct on the part of O'Connor. Accordingly, because Ohio law does not recognize a negligent spoliation of evidence claim, we find that the appellants are not entitled to the consequential damages claimed herein. See Smith, supra; White, supra.
 {¶ 21} In response, the appellants argue that the consequential damages they seek are soundly based in contract law. Specifically, they argue that there was ample evidence in the record from which the jury could conclude that it was within the contemplation of the parties that the 1987 Crown Victoria was critical evidence to be used in the lawsuit and that this loss could have devastating consequences to the outcome of litigation. Therefore, the consequential damages should reasonably have been contemplated by O'Connor. This argument is without merit.
 {¶ 22} Even viewing the evidence in the light most favorable to the appellants, this argument goes toward establishing a prima facie case of breach of a bailment contract, not toward establishing the damages that are recoverable under Ohio law.
 {¶ 23} Nonetheless, we find that O'Connor could not have reasonably contemplated the damages claimed by the appellants. In support of this claim, the appellants cite to an affidavit from Brian Goldwasser, an attorney who represented appellants against Ford. Mr. Goldwasser's affidavit alleged that he contacted O'Connor concerning storage of the vehicle that was to be used as evidence in a case involving appellants and Ford. However, the affidavit does not attest that he informed anyone at O'Connor that the vehicle was of considerable value. Instead, Mr. Goldwasser stated that "it was my usual and customary practice to inform any party storing evidence on behalf of the law firm that such evidence was important and must be kept in a secure manner."
 {¶ 24} Moreover, Kevin O'Connor, the owner of O'Connor Automotive, testified in his deposition that he had no knowledge that the stored vehicle was the subject of pending litigation and was of considerable value. Additionally, the documents evidencing the storage of the vehicle in this case contain no indication that the vehicle was being stored for purposes of litigation or was of considerable value.
 {¶ 25} Therefore, based on the above, we find that there is no basis upon which reasonable minds could conclude that these consequential damages were contemplated by O'Connor.
 {¶ 26} Accordingly, we agree with the trial court that the appellants can only recover damages for the breach of bailment contract in the amount of the fair market salvage value of the 1987 Ford Crown Victoria, not the consequential damages relating to the extra costs and delays incurred in prosecuting their claim against Ford or the reduction in the settlement value of the case.
 {¶ 27} Appellants' first and second assignment of error are overruled.
 {¶ 28} In their third assignment of error, the appellants argue that the trial court erred in ruling that their loss was not covered under O'Connor Automotive's commercial general liability policy. In this assigned error, the appellants argue the trial court should have determined coverage based on its claims of breach of a bailment contract, conversion, and negligence, not spoliation of evidence. Additionally, the appellants claim Motorists Mutual's policy provides coverage for "property damage" and "loss of use." These arguments are without merit.
 {¶ 29} A review of Motorists Mutual's policy demonstrates that the insurer will provide coverage for "property damage" to the vehicle, which is defined by the policy as the "market value" of the vehicle at the time of the loss. However, what the appellants claim as damages does not constitute "property damage" because they were seeking the intangible value of the motor vehicle as evidence. Despite the appellants' arguments about bailment, conversion, and negligence, what they were truly seeking were damages for spoliation of evidence. That claim is not covered by Motorists Mutual's commercial general liability coverage policy.
 {¶ 30} The appellants also argue that Motorists Mutual's policy covers more than just the fair market value of the lost personal property; it also covers "all resulting loss of use of that property." However, as set forth in the policy, "loss of use" is defined as "loss of use of the automobile as an automobile." Accordingly, the appellants' claim that the insurance policy covers the damages they assert is without merit.
 {¶ 31} Based on the above, we conclude that there is no liability coverage for the appellants' claim. See, generally, Norris v. ColonyIns. Co. (2000), 760 So.2d 1010 and Humana Worker's Comp. Servs. v. HomeEmergency Servs., Inc. (2003), 842 So.2d 778.
 {¶ 32} The appellants' third assignment of error is overruled.
 {¶ 33} The judgment of the trial court is affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and PATRICIA A. BLACKMON, J., CONCUR
 APPENDIX A Assignments of Error:
 "I. The trial court erred in ruling that appellant may not recover consequential damages for breach of bailment contract solely because the bailed item is evidence in a trial.
 II. The damages claimed by appellant are recoverable as consequential damages for breach of contract.
 III. Motorists Mutual has failed to establish it is entitled to summary judgment with respect to the issue of coverage under the policy."