[Cite as *Mikes Handyman/HVAC Serv., L.L.C. v. DiFiore*, 2025-Ohio-5345.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MIKES HANDYMAN/HVAC SERVICE, :
LLC,
                           :

        Plaintiff-Appellant,

                           :               No. 114875

        v.

                           :

JEFFREY DIFIORE,

                           :

        Defendant-Appellee.

                           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** MODIFIED AND REMANDED
**RELEASED AND JOURNALIZED:** November 26, 2025

---

Civil Appeal from the Lyndhurst Municipal Court
Case No. CVF-2302348

---

### *Appearances:*

L. Bryan Carr, *for appellant.*

Kenneth D. Myers, *for appellee.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiff-appellant Mikes Handyman/HVAC Service, LLC ("Mikes Handyman") appeals the municipal court's decision granting summary judgment in its favor but not awarding it the full amount of damages requested. Finding merit to the appeal, we modify the court's judgment against defendant-appellee Jeffrey

DiFiore and award Mikes Handyman $560, plus interest and costs. The case is remanded to the municipal court to enter judgment reflecting this court's decision.

## I. Factual and Procedural Background

{¶ 2} The facts are relatively undisputed. On May 31, 2022, DiFiore contacted Michael Saracene ("Saracene"), owner of Mikes Handyman, via text message, asking if he was available to service an air conditioning unit at DiFiore's tenant's condominium in Lyndhurst. On June 1, 2022, DiFiore sent Saracene a text message with the tenant's information and address and where Saracene could send the invoice for the service. It is undisputed that Saracene quoted DiFiore a price of $135 for the service call and $425, including parts, to fix the air conditioning unit for a total of $560. It is also undisputed that DiFiore accepted the quoted price.

{¶ 3} After the repairs were performed that same morning, DiFiore sent Saracene a text message, challenging the price charged for the part to fix the air conditioning unit. According to DiFiore, he found the part online for $20. Saracene agreed to modify the quoted price by removing the fee for the service call and requested payment of $425. DiFiore refused to pay $425, countering that he would agree to pay Saracene $325. On June 5, 2022, Saracene sent DiFiore a revised invoice for $325, which went unpaid.

{¶ 4} On October 19, 2022, DiFiore sent Saracene a $250 payment through Venmo, which Saracene refused. On October 27, 2022, DiFiore then sent Saracene $325, which Saracene also refused.

{¶ 5} On November 21, 2022, Mikes Handyman filed a complaint against DiFiore, raising claims for action on account (Count I), unjust enrichment (Count II), breach of contract (Count III), and fraud, fraudulent inducement, and misrepresentation (Count IV). The complaint sought compensatory damages in the amount of $425 plus interest, $5,000 in punitive damages, costs, and "other relief."

{¶ 6} DiFiore, pro se, responded with multiple filings, including challenges to jurisdiction, a request for a more definite statement pursuant to Civ.R. 12(E), and motions seeking (1) dismissal, (2) sanctions, (3) disqualification of the magistrate, and (4) enforcement of a settlement agreement.

{¶ 7} Without seeking leave of court, DiFiore also filed an answer, generally denying the allegations contained in the complaint and asserting multiple affirmative defenses. He also filed a counterclaim against Mikes Handyman, raising a variety of claims, including violations of (1) the Ohio Consumer Sales Practices Act, (2) the Ohio Administrative Code, (3) collecting sales tax in Ohio, and (4) Civ.R. 11. DiFiore demanded compensatory damages, statutory damages, punitive damages, and sought declaratory and injunctive relief.

{¶ 8} The trial court denied each of DiFiore's filings, finding that most of the motions were not supported by law and fact, and thus struck certain filings as "sham and false." The court also found that jurisdiction was proper with Lyndhurst Municipal Court and the complaint was pleaded with specificity and thus a more definitive statement was not necessary. Finally, the court granted Mikes Handyman's motion to strike DiFiore's answer and counterclaim as untimely.

{¶ 9} Mikes Handyman moved for summary judgment, contending that it was entitled to judgment as a matter of law. Simply, Mikes Handyman asserted that "DiFiore requested and received the benefit of [Mikes Handyman's] services, agreed on the price, and owes . . . the sum of $560. Any discount was rescinded as [DiFiore] failed to pay [Mikes Handyman]." It supported its motion with an affidavit by Saracene, incorporating the text messages sent between the parties, the invoices, and requests for payment. Regarding its claim of fraud, fraudulent inducement, and misrepresentation, Mikes Handyman did not make any specific argument for this claim beyond those he raised in support of his action on account, breach-of-contract, and unjust-enrichment claims.

{¶ 10} DiFiore, through counsel, opposed Mikes Handyman's motion, contending that the terms to the initial contract changed during negotiations and, thus, Mikes Handyman was only entitled to $325. DiFiore did not dispute that Saracene quoted DiFiore a price of $135 for the service call and $425 to fix the air conditioning unit for a total of $560. He further did not dispute that he agreed to the price and that Saracene fixed the unit. DiFiore further opposed summary judgment on the fraud claim, contending that he intended to pay Saracene for the services but disputed the initial agreed-upon price once he discovered that Saracene allegedly misrepresented the price of the part needed to fix the unit.

{¶ 11} The trial court granted summary judgment in favor of Mikes Handyman and awarded $425 in compensatory damages on Counts I, II, and III. The court denied summary judgment on Count IV (fraud, fraudulent inducement,

and misrepresentation) and thus dismissed that claim. The trial court subsequently denied Mikes Handyman's request for attorney fees and sanctions.

{¶ 12} This appeal followed.

## II. The Appeal

{¶ 13} Mikes Handyman raises as its sole assignment of error that the trial court's summary-judgment order erroneously computed damages and dismissed its fraud claim.

### A. Damages

{¶ 14} We review a trial court's grant of summary judgment de novo, applying the same standard the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Civ.R. 56(C) provides that summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370 (1998); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶ 15} In this case, the parties do not contest that summary judgment was properly granted in Mikes Handyman's favor; rather the argument on appeal contests the damages determined by the trial court. Mikes Handyman contends that DiFiore did not dispute that he agreed to pay $560 for the repairs and, thus, the court erred in only awarding $425 in damages. DiFiore maintains that the trial court

was limited to only awarding $425 because that was the amount Mikes Handyman requested in its complaint.

{¶ 16} Civ.R. 54(C) provides, in relevant part, that except for judgment by default, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings." Accordingly, the trial court was not limited to awarding only the damages prayed for in the complaint.

{¶ 17} In this case, no genuine issue of material fact exists that DiFiore agreed to pay Mikes Handyman the quoted price at the time of repair. This quoted price included $135 for the service call and $425 to fix the air conditioning unit for a total of $560. Although Mikes Handyman only requested $425 in its complaint, the complaint also requested "other relief." Additionally, in its motion for summary judgment, Mikes Handyman requested the full amount of damages of $560. This amount was supported by Civ.R. 56 documentary evidence and not disputed by DiFiore. Although DiFiore contended in his opposition that Mikes Handyman should be limited to recovering the final settlement offer of $325, Evid.R. 408 prohibits the use of negotiations and compromises to invalidate a claim or its amount. *See Hudson Presbyterian Church v. Eastminster Presbytery*, 2009-Ohio-446, ¶ 19 (9th Dist.) ("Evidence submitted with a motion for summary judgment is proper only if the evidence is admissible at trial.").

{¶ 18} Based on the foregoing, we find that the trial court erred when it did not award Mikes Handyman $560, the undisputed amount of damages requested in its summary-judgment motion on Counts I, II, and III.

## B. Dismissal of Fraud Claim

{¶ 19} The trial court dismissed Mikes Handyman's fraud, fraudulent inducement, and misrepresentation claim (Count IV), finding that

> [Mikes Handyman] can prove no set of facts to show that at the time [DiFiore] made the promise to pay for [Mikes Handyman's] services, he did not intend to pay. The evidence shows that after the agreement was made, [DiFiore] conducted independent research regarding the cost of repairs, and [DiFiore] may have had buyer's remorse.

The trial court then "denie[d]" Mikes Handyman's motion for summary judgment and "dismisse[d] the claim for fraud/fraudulent inducement and misrepresentation."

{¶ 20} Mikes Handyman also raises in this assignment of error — without any supporting law as required pursuant to App.R. 16(A)(7) — that the trial court incorrectly dismissed the fraud claim because DiFiore did not file any dispositive motion requesting dismissal.

{¶ 21} We find no error in the trial court's decision. A "'reviewing court will not reverse a correct judgment merely because a trial court relied on an erroneous reason as the basis for its determination.'" *Shaut v. Roberts*, 2022-Ohio-817, ¶ 14 (8th Dist.), quoting *O'Neal v. State*, 2020-Ohio-506, ¶ 20 (10th Dist.). "'[A]n appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not

prejudicial.'" *O'Neal* at ¶ 20, quoting *Reynolds v. Budzik*, 134 Ohio App.3d 844, 846 (6th Dist. 1999).

{¶ 22} We find that the trial court properly dismissed Mikes Handyman's claim for fraud because in Ohio, a breach of contract does not create a tort claim. *Wolfe v. Continental Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981). Generally, "the existence of a contract action . . . excludes the opportunity to present the same case as a tort claim." *Id.* A party cannot convert a contract action into a tort action by attacking the motives of a breaching party, because the motive of a breaching party is irrelevant to a contract action. *Ketcham v. Miller*, 104 Ohio St. 372 (1922).

{¶ 23} A fraud claim generally cannot duplicate the factual and legal elements of a parallel claim for breach of contract. *RAE Assocs. v. Nexus Communications, Inc.*, 2015-Ohio-2166, ¶ 19 (10th Dist.). This court has held that

> "'[a] breach of contract claim does not create a tort claim, and a tort claim based upon the same actions as those upon which a breach of contract claim is based exists only if the breaching party also breaches a duty owed separately from that duty created by the contract, that is, a duty owed even if no contract existed. . . . Further, there must be damages attributable to the wrongful acts which are in addition to those attributable to the breach of contract.'"

*Garofoli v. Whiskey Island Partners Ltd.*, 2014-Ohio-5433, ¶ 21 (8th Dist.), quoting *Zupan v. P.C.S. Automotive, Inc.*, 2010-Ohio-3322, ¶ 31 (8th Dist.), quoting *Prater v. Three C Body Shop, Inc.*, 2002-Ohio-1458, ¶ 25 (10th Dist.).

{¶ 24} In *EverStaff, L.L.C. v. Sansai Environmental Technologies, L.L.C.*, 2011-Ohio-4824 (8th Dist.), this court upheld the trial court's sua sponte dismissal of plaintiff's fraud claim after granting summary judgment on plaintiff's breach-of-

contract claim because the plaintiff did not allege any actual damages for the fraud claim beyond the damages attributed to the breach-of-contract claim. In fact, this court found no error in the trial court's disposal of all claims even though plaintiff's motion for summary judgment was unopposed. This court noted that although the trial court did not rely on Civ.R. 12(F) in dismissing the claim, the trial court reached the right result because Civ.R. 12(F) provides that "upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient claim or defense . . . ." *Id.* at ¶ 18. This court noted that although Civ.R. 12(F) permits a court to "strike" the claim, the act of dismissing the claim "is merely a procedural distinction without a difference in this case." *Id.*, citing *State ex rel. Neff v. Corrigan*, 1996-Ohio-231, ¶ 12 (Civ.R. 12(F) should be used to strike a claim because it addresses the sufficiency of a claim).

{¶ 25} Addressing the merits of the trial court's decision, this court found that the plaintiff "failed to allege actual damages beyond the breach of contract" and that its "only additional damages stemmed from claims for punitive damages." *Id.* at ¶ 29. As a result, this court concluded that the plaintiff insufficiently pleaded her claim for fraud and, thus, the trial court did not err in dismissing the fraud claim, despite the motion being unopposed. *Id.* at ¶ 29-30. *See also Cord v. Victory Solutions, L.L.C.*, 2018-Ohio-590 (8th Dist.) (relying on *Everstaff* in upholding dismissal of the fraud claim when the complaint did not assert actual damages for fraud separate from those resulting from the defendant's breach of contract; punitive damages are not actual damages).

{¶ 26} In this case, much like in *Everstaff*, Mikes Handyman's claims for fraud are duplicative of its breach-of-contract claim because it did not assert any allegations beyond those supporting in its breach-of-contract claim. Neither the complaint nor the motion for summary judgment asserted any duty owed beyond the duty created by the oral agreement to pay the quoted price. Moreover, neither the complaint nor the motion for summary judgment alleged any actual additional damages beyond those attributed to the breach of contract. Accordingly, we find that the trial court did not err in dismissing Mikes Handyman's fraud claims because the complaint's allegations were insufficient on its face.[1]

{¶ 27} Based on the foregoing, the assignment of error is sustained in part and overruled in part. The municipal court's judgment is hereby modified to award Mikes Handyman $560, plus interest and costs. The case is remanded to the trial court to enter judgment in accordance with this court's opinion.

{¶ 28} Judgment modified, and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the municipal court to carry this judgment into execution.

---

[1] Although not directly addressed by the trial court or argued on appeal, "[p]unitive damages are not recoverable in an action for breach of contract." *Lucarell v. Nationwide Mut. Ins. Co.*, 2018-Ohio-15, paragraph one of the syllabus, approving and following *Ketcham* at paragraph two of the syllabus. Accordingly, because the trial court only granted relief on the contract causes of action, Mikes Handyman would not be entitled to punitive damages.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MICHELLE J. SHEEHAN, P.J., and
DEENA R. CALABRESE, J., CONCUR