MAHIN, Admr., Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee, et al.

[Cite as *Mahin v. State Farm Mut. Auto. Ins. Co.* (1998), 129 Ohio App.3d 688.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970508.

Decided Sept. 11, 1998.

*Clements, Mahin & Cohen* and *Edward Cohen,* for appellant.

*Cash, Cash, Eagen & Kessel* and *Robert B. Cash,* for appellee.

*Per Curiam.*

On November 22, 1987, Susan L. Awalt was killed when she was struck by a vehicle negligently driven by Andrew Clayton. Clayton carried liability coverage under two separate policies of insurance. Awalt was insured under a policy issued by defendant-appellee State Farm Mutual Automobile Insurance Company, which provided uninsured and underinsured motorist coverage in the amounts of $250,000 per person and $500,000 per accident.

Awalt's estate settled with Clayton's insurers. Subsequently, plaintiff-appellant John E. Mahin, administrator of Awalt's estate, submitted a claim to State Farm alleging that Clayton was an underinsured motorist. State Farm refused the claim on the basis that Clayton was not an underinsured motorist under the terms of the policy. State Farm filed a declaratory judgment action, under case No. A–9101545, requesting that the trial court determine the rights and obligations of the parties under Awalt's insurance policy. The trial court held that State Farm was not obligated to make any payment pursuant to Awalt's policy. The administrator appealed. In *State Farm Mut. Ins. Co. v. Mahin* (1993), 92 Ohio App.3d 291, 634 N.E.2d 1058, this court held that Clayton was an underinsured motorist and that, pursuant to Awalt's underinsured motorist coverage,

State Farm was obligated to pay the additional damages "that Awalt's parents prove in the appropriate forum" and remanded the matter to the trial court. The Ohio Supreme Court overruled a motion to certify the record in *State Farm Mut. Ins. Co. v. Mahin* (1994), 69 Ohio St.3d 1417, 630 N.E.2d 378.

Upon remand, the trial court entered a judgment that stated:

"It is hereby ordered, adjudged and decreed, a judgment is hereby rendered that the policy issued by State Farm Mutual Automobile Insurance Company to Susan L. Awalt provides [underinsured] motorist coverage, pursuant to the terms of the policy in the sum of two hundred fifty thousand dollars ($250,000) per person in excess of the three hundred fifty thousand dollars ($350,000) which has already been paid or received or was receivable by the Estate of Susan L. Awalt from the tortfeasor. In no event will State Farm be obligated to pay more than five hundred thousand dollars ($500,000) * * *."

On January 24, 1997, the administrator filed the within complaint, under case No. A–9701444, seeking payment of the underinsured motorist benefits to the extent that the rights of Awalt's estate had been determined by this court in the declaratory judgment action. The complaint alleged that demand for payment had been made to, and refused by, State Farm. State Farm filed an answer and a motion for summary judgment, relying upon a provision of the insurance policy that provided that any claim for uninsured or underinsured motorist benefits was barred unless an action was brought within two years of the date of the accident giving rise to the claim. In opposing State Farm's motion for summary judgment, the administrator argued that the limitations period could have been raised but had not been raised by State Farm in the declaratory judgment action, and that, therefore, this court's decision in the declaratory judgment action was *res judicata* with respect to that issue.

The trial court granted State Farm's motion for summary judgment. The administrator has appealed, raising one assignment of error, which alleges that the trial court erred in granting State Farm's motion for summary judgment.

An existing final judgment or decree between the parties to litigation is conclusive as to all claims that were or might have been litigated in a first lawsuit. *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 558 N.E.2d 1178; *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 25 OBR 89, 494 N.E.2d 1387. The doctrine of *res judicata* requires a party to raise every ground for relief in a first action or be forever barred from asserting it. *Id.; Zolg v. Hargrave* (June 26, 1998), Hamilton App. No. C–970461, unreported, 1998 WL 337045. A valid, final judgment rendered on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the prior action. *Grava v. Parkman Twp.* (1995), 73

Ohio St.3d 379, 653 N.E.2d 226; *Amalgamated Transit Union, Local 627 v. Southwest Ohio Regional Transit Auth.* (July 17, 1996), Hamilton App. No C–950635, unreported, 1996 WL 397032. "Transaction" is defined as a "common nucleus of operative facts." *Grava v. Parkman Twp., supra.*

■   We hold that the doctrine of *res judicata* precludes State Farm from asserting the limitations provision of the insurance policy. State Farm filed and litigated the prior declaratory judgment action with respect to the same insurance policy and the same claim for underinsured motorist benefits. The complaint for declaratory judgment filed in the prior lawsuit requested a determination as to the rights and obligations of the parties under the insurance policy issued by State Farm to Awalt. The issue of the administrator's right to claim underinsured motorist coverage was fully litigated. State Farm did not raise the limitations provision as a bar to the administrator's claim in the prior lawsuit.

■   The complaint in the instant case is based on a claim arising from a nucleus of facts that was the subject matter of the first lawsuit. State farm had a full and fair opportunity to litigate its obligation to pay underinsured motorist benefits under the policy. Clearly, the limitations provision could have been raised in the prior lawsuit. State Farm simply failed to raise the limitations provision as a ground for relief in the first lawsuit. Therefore, State Farm is barred from asserting the limitations provision as a defense to the administrator's claim for underinsured motorist benefits.

The assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with law and this decision.

*Judgment reversed
and cause remanded.*

SUNDERMANN, P.J., DOAN and HILDEBRANDT, JJ., concur.