{¶ 1} On August 30, 2005, plaintiff-appellee Shawn Hedrick ("Hedrick") filed a complaint against defendant-appellant Spitzer Motor City, Inc. ("Spitzer") alleging violation of the Ohio Consumer Sales Practices Act, fraud, and breach of implied warranty pursuant to the Magnuson-Moss Warranty Act, involving his 2004 Jeep Grand Cherokee.
 {¶ 2} Hedrick also filed an action against DaimlerChrysler Corporation ("DaimlerChrysler") on June 1, 2005, alleging warranty claims as to the same vehicle. See Hedrick v. DaimlerChrysler Corp., Court of Common Pleas Case No. CV-05-564198.
 {¶ 3} On November 4, 2005, Spitzer filed its answer. On March 3, 2006, Spitzer also filed a motion for summary judgment and a motion for sanctions.
 {¶ 4} On March 22, 2006, Hedrick voluntarily dismissed his Magnuson-Moss Warranty Act claim against Spitzer. *Page 2 
 {¶ 5} On August 2, 2006, the trial court denied Spitzer's motion for summary judgment and thereafter issued its journal entry and opinion.
 {¶ 6} On October 27, 2006, the trial court issued an order rescinding the transaction at issue.
 {¶ 7} On December 13, 2006, the case proceeded to a bench trial. On December 19, 2006, the trial court denied Spitzer's motion for sanctions and entered judgment in favor of Hedrick.
 {¶ 8} The facts giving rise to the instant action began when Hedrick purchased a 2004 Jeep Grand Cherokee from Spitzer on September 29, 2004, and thereafter experienced mechanical defects with the subject vehicle. Upon inspection of the title, Hedrick discovered that his 2004 Jeep Grand Cherokee was previously owned by a rental car company and used as a rental car. Spitzer failed to disclose to Hedrick that the vehicle was previously used as a rental car.
 {¶ 9} Spitzer appealed and asserted two assignments of error for our review.
ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court erred by failing to grant defendant-appellant's motion for summary judgment on the grounds of res judicata and/or release and settlement."
 {¶ 10} Sptizer argues that the trial court erred when it denied its motion for summary judgment. Specifically, Spitzer argues that summary judgment should be granted in its favor based upon the doctrine of res judicata. *Page 3 
 {¶ 11} The standard of review for a motion for summary judgment is de novo, and thus:
 "[W]e afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issues as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party." Ladanyi v. Crookes Hanson, Ltd, Cuyahoga App. No. 87888, 2007-Ohio-540. (Internal citations omitted.)
Furthermore, the doctrine of res judicata requires that:
 "An existing final judgment of decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit. The doctrine of res judicata requires a party to raise every ground for relief in a first action, or to be forever barred from asserting it. A valid, final judgment rendered on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the prior action." Mahin v. State Farm Mut. Auto Ins. Co. (1998), 129 Ohio App.3d 688. (Internal citations omitted.)
 {¶ 12} A review of the record reveals that Spitzer failed to raise res judicata as an affirmative defense in its answer. Pursuant to Civ.R. 8(C), "In a pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata." "However, res judicata can be raised in a motion for summary judgment before an answer is filed. Civ.R. 12(B)(6) specifically contemplates a pre-answer motion for summary judgment for failure to state a claim." Coleman v. ClevelandSchool Dist, Cuyahoga App. No. 80239, 2002-Ohio-2262. *Page 4 
 {¶ 13} Here Spitzer raised res judicata in its motion for summary judgment but filed its motion for summary judgment after it filed an answer to Hedrick's complaint. Therefore, Spitzer waived the defense of res judicata.
 {¶ 14} Additionally, Spitzer argues that because Hedrick asserted warranty claims against DaimlerChrysler in his first action and thereafter asserted warranty claims against Spitzer in the instant action, that Civ.R. 19 and the doctrine of res judicata bar the instant action.
 {¶ 15} In support of its contention, Spitzer cited to a portion of the release agreement signed by Hedrick during his litigation with DaimlerChrysler, which reads:
 "I, Shawn Hedrick, release DaimlerChrysler Corporation, and its subsidiaries, and all persons involved in the dispute resolution and transaction, from all known and unknown claims, damages, cost, fees, loss of services, personal injuries and property damage related to a 2004 Jeep Grand Cherokee Laredo 4x4 * * *."
However, a later provision in the release agreement specifically addresses Spitzer and reads:
 "I Shawn Hedrick [sic] agree to release Spitzer Motor City, Inc. * * * from all known or unknown warranty related claims, but specifically excluding any claims of common law fraud, violations of the Ohio Consumer Sales Practices Act and failure to disclose that the above-mentioned vehicle was previously sold as a rental vehicle."
 {¶ 16} It is well established that where a general provision in a contract conflicts with a specific provision, the specific provision controls.
 "The ordinary rule in respect to the construction of contracts is this: that where there are two clauses in any respect conflicting, that which is *Page 5 
specifically directed to a particular matter controls in respect thereto over one which is general in its terms, although within its general terms the particular may be included. Because when the parties express themselves in reference to a particular matter the attention is directed to that, and it must be assumed that it expresses their intent, whereas a reference to some general matter, within which the particular may be included, does not necessarily indicate that the parties had the particular matter in thought." Mut. Life Ins. Co. v. Hill (1904), 193 U.S. 551.
 {¶ 17} Thus, Hedrick released Spitzer from any warranty claims in its waiver, but did not release Spitzer from any fraud or Ohio Consumer Sales Practices Act claims. In the instant case, Hedrick asserted warranty claims in his complaint, but later dismissed them; thus, negating any Civ.R. 19 or res judicata issues arising therefrom.
 {¶ 18} On a final note, it is evident that when Hedrick and DaimlerChrysler entered into their release agreement, they did not regard Spitzer to be an indispensable party to their litigation. Civ.R. 19 reads, in part: "If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7)." No such motion was filed.
 {¶ 19} Spitzer's first assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court erred by granting plaintiff-appellee an award of attorney's fees in this lawsuit where attorney's fees had already been granted to plaintiff-appellee in the previous case plaintiff-appellee filed against Daimler-Chrysler." *Page 6 
 {¶ 20} Spitzer argues that the trial court erred by awarding attorney fees in the instant case when Hedrick already received an award of attorney fees in a prior case against DaimlerChrysler.
 {¶ 21} However, Spitzer stipulated to the attorney fees awarded in the instant case and counsel for Spitzer signed the pertinent judgment entry. Furthermore, Hedrick's action against DaimlerChrysler is separate from his action against Spitzer. Hedrick filed two different lawsuits against two different defendants, namely, DaimlerChrysler and Spitzer, and asserted different claims. Furthermore, in light of our analysis in Spitzer's first assignment of error, Spitzer's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
 ANTHONY O. CALABRESE, JR., P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1