[Cite as *Feight v. Brooks*, 2020-Ohio-5205.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| FRANK FEIGHT, et al. | : | |
| | : | |
| Plaintiffs-Appellants | : | Appellate Case No. 28684 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-1708 |
| | : | |
| DENNIS BROOKS, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of November, 2020.

. . . . . . . . . . .

JOHN K. FITCH, Atty. Reg. No. 0008119, 900 Michigan Avenue, Columbus, Ohio 43215
        Attorney for Plaintiffs-Appellants

THOMAS E. SWITZER, Atty. Reg. No. 0067851, 41 South High Street, Suite 2300,
Columbus, Ohio 43215
        Attorney for Defendant-Appellee, Donegal Mutual Insurance Company

PHILLIP T. GLYPTIS, Atty. Reg. No. 0078450, 32 20th Street, Wheeling, West Virginia
26003 and ROBERT DAPPER, JR., Atty. Reg. No. 0091827, 48 26th Street, Pittsburgh,
Pennsylvania, 15222
        Attorneys for Defendants-Appellees FedEx Ground Package System, Inc. and
Dennis Brooks

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Plaintiffs-appellants, Frank and Virgie Feight, appeal from the trial court's judgment of December 23, 2019, in which the court effectively resolved their action against Defendants-appellees, Dennis Brooks, Donegal Mutual Insurance Company ("Donegal Mutual") and FedEx Ground Package System, Inc. ("FedEx"), by holding that a settlement agreement executed by the Feights on or about March 16, 2018, is enforceable. Raising two assignments of error, the Feights argue that the trial court's judgment should be reversed because the agreement is void, as the result of either fraudulent inducement or a mutual mistake of fact, and that the trial court erred by excluding certain evidence offered by the Feights in support of their opposition to the enforcement of the agreement.

{¶ 2} We hold that the trial court erred by determining that the agreement is enforceable because certain material provisions of the agreement are ambiguous. With respect to the trial court's ruling on the evidence identified by the Feights in their brief, we hold that the trial court did not abuse its discretion inasmuch as it found the evidence to be irrelevant. Strictly for the following reasons, then, the trial court's judgment is reversed in part and affirmed in part, and the case is remanded for further proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 3} On August 16, 2016, a semi-trailer truck travelling eastbound on Interstate 70 struck the Feights' vehicle. *See* Complaint ¶ 6-8; Answer of FedEx and Brooks ¶ 7. Brooks was driving the truck at the time, either as an employee of FedEx or as an employee of a FedEx contractor. *See* Complaint ¶ 5; Answer of FedEx and Brooks ¶ 5 and 7. The Feights were insured by Donegal Mutual. *See* Complaint ¶ 17; Answer of

Donegal Mutual ¶ 9.

{¶ 4} Edward Macy, a branch manager employed by Custard Insurance Adjusters, contacted the Feights on behalf of FedEx after the accident. Magistrate's Decision 2, May 3, 2019. In November 2016, the Feights engaged an attorney, Frank Patrizio, to represent them in settlement negotiations, but they terminated Patrizio before terms were agreed and thereafter negotiated directly with Macy. *Id.*

{¶ 5} The negotiations yielded an offer from FedEx in February 2018, in which FedEx offered to pay the Feights $50,000, as well as the following: (1) "Medicare liens * * * estimated [by Patrizio] to be 'a little over $10,000' "; (2) a subrogation lien held by Donegal Mutual in an amount "up to but no more than $20,000"; and (3) a lien held by Patrizio in an amount "up to but no more than $19,227.78." *Id.*; Defendants' Supplemental Memorandum in Opposition to Plaintiffs' Motion for Leave to File a Supplemental Memorandum in Opposition to Defendants' Motion to Enforce Settlement Agreement, Ex. B, Oct. 29, 2018. After further negotiation, FedEx increased the amount of the proposed direct payment to the Feights from $50,000 to $52,277.46; the offer was unchanged with respect to the Medicare liens, the lien held by Donegal Mutual and the lien held by Patrizio, though it also indicated that FedEx would pay $581.21 to satisfy a lien or other claim asserted by "Aetna." Final Entry Granting Summary Judgment to Defendants 2, Dec. 23, 2019 [*hereinafter* Final Entry]; Plaintiffs' Memorandum in Opposition to Defendants' Motion to Enforce Settlement Agreement, Ex. 3, July 2, 2018.

{¶ 6} In response, the Feights demanded that the amount of their direct payment be increased from $52,277.46 to $175,000. *See* Plaintiffs' Memorandum in Opposition to Defendants' Motion to Enforce Settlement Agreement, Ex. 4. FedEx countered with

an offer to pay the Feights $80,000, and Macy sent a draft of the proposed agreement (the "Settlement Agreement") to the Feights by email.   Apparently satisfied, Frank Feight sent a reply in which he told Macy that he and Virgie Feight would "go to the bank to get [the agreement] signed [and notarized]."   *Id.*

{¶ 7} On March 16, 2018, the Feights executed the Settlement Agreement and had it notarized.   Defendants' Supplemental Memorandum in Opposition to Plaintiffs' Motion for Leave to File a Supplemental Memorandum in Opposition to Defendants' Motion to Enforce Settlement Agreement, Ex. A.   The Feights, however, refused to deliver the executed copy of the agreement to Macy until they received the payment of $80,000 from FedEx.   Plaintiffs' Memorandum in Opposition to Defendants' Motion to Enforce Settlement Agreement, Ex. 5.   In an email message sent to Macy on April 2, 2018, Frank Feight said that he had "another [a]ttorney [to whom he would] give [the] case * * * if [he did not receive] a check [on or before] April 9, 2018."   *Id.* at Ex. 6.

{¶ 8} FedEx did not meet the deadline set by Frank Feight, and on April 10, 2018, the Feights attempted to rescind the Settlement Agreement by writing the word "void" over every section and their signatures.   Defendants' Supplemental Memorandum in Opposition to Plaintiffs' Motion for Leave to File a Supplemental Memorandum in Opposition to Defendants' Motion to Enforce Settlement Agreement, Ex. A.   After engaging their present counsel, the Feights filed a complaint on April 18, 2018, against Brooks; FedEx; the United States Department of Health and Human Services; Donegal Mutual; Aetna, Inc.; and Aetna Life Insurance Company.

{¶ 9} FedEx and Brooks moved to enforce the Settlement Agreement on June 28, 2018.   The trial court's magistrate held a hearing on the motion on January 10, 2019,

and on May 3, 2019, the magistrate entered a decision in which she recommended, among other things, that the motion be sustained. Magistrate's Decision 12. Although the magistrate recommended that the motion be sustained, the decision did not include a discussion of the specific relief to which FedEx and Brooks would therefore be entitled. *See* Magistrate's Decision 11-12.

{¶ 10} On May 17, 2019, the Feights submitted objections to the magistrate's decision, and with certain modifications, the trial court adopted the decision in its Final Entry, which it filed on December 23, 2019. The trial court noted that in their motion to enforce the Settlement Agreement, FedEx and Brooks requested a finding "that all claims have been dismissed with prejudice," given that the Settlement Agreement "ha[d] been reached and lawfully" executed. Final Entry 20; Motion of FedEx and Brooks to Enforce Settlement Agreement 4, June 28, 2018. Referring to case law indicating that a case may be dismissed on the basis of a valid settlement agreement, the trial court determined that FedEx and Brooks's "request for dismissal should be treated as a motion for summary judgment under Civ.R. 56," and accordingly entered judgment in their favor. Final Entry 20-21. The Feights timely filed a notice of appeal on January 17, 2020.

## II. Analysis

{¶ 11} For their first assignment of error, the Feights contend that:

THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT[S]-APPELLEES' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND [IN] GRANTING DEFENDANTS-APPELLEES' [SIC] SUMMARY JUDGMENT AS TO ALL CLAIMS[.]

{¶ 12} The Feights argue that the Settlement Agreement is void because it was

the product of either fraudulent inducement or a mutual mistake of fact, and that as a result, the trial court erred by sustaining the motion to enforce it. *See* Appellants' Brief 7-8, 15-16 and 18. Concomitantly, the Feights argue that the trial court erred by entering summary judgment in favor of FedEx and Brooks, because FedEx and Brooks were not entitled to judgment as a matter of law. *See id.* at 7.

{¶ 13} Under Civ.R. 56, summary judgment is proper only where: (1) a case presents no genuine dispute as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); *Dalzell v. Rudy Mosketti, L.L.C.*, 2d Dist. Clark No. 2015-CA-93, 2016-Ohio-3197, ¶ 5, citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party initially bears the burden of establishing the absence of any genuine dispute of material fact, and to meet its burden, it may rely only on evidence of the kinds listed in Civ.R. 56(C). *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988); *Dalzell* at ¶ 5, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party meets its burden, then the non-moving party must meet a reciprocal burden to demonstrate that the case presents one or more genuine issues of material fact to be tried; like the moving party, it may rely only on evidence of the kinds listed in Civ.R. 56(C) for this purpose. *Dresher* at 293, quoting Civ.R. 56(E); *Dalzell* at ¶ 6.

{¶ 14} The substantive law of the claim or claims being litigated determines whether a fact is "material." *Herres v. Millwood Homeowners Assn., Inc.*, 2d Dist.

Montgomery No. 23552, 2010-Ohio-3533, ¶ 21, citing *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995). On appeal, a trial court's ruling on a motion for summary judgment is reviewed de novo. *Dalzell* at ¶ 6, citing *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42.

{¶ 15} In the instant case, the trial court granted summary judgment sua sponte in favor of FedEx and Brooks, given that none of the parties had filed a motion requesting such relief. We have held previously that a trial court errs by entering judgment under Civ.R. 56 where "no party has moved for summary judgment, [because] the party against whom judgment is * * * entered [would presumably not have been provided with] notice that the court might [thus] dispose of the case," and in the absence of notice, the party would have had "no opportunity to marshal evidence on its behalf." (Citations omitted.) *Ohio Bell Tel. Co. v. C-5 Constr., Inc.*, 2d Dist. Montgomery No. 23792, 2010-Ohio-4762, ¶ 30-31; *see also* Civ.R. 56(C).

{¶ 16} Although the trial court did not notify the parties before it entered judgment, the Feights, and FedEx and Brooks, had already submitted evidence regarding the negotiation and execution of the Settlement Agreement. Yet, assuming for sake of analysis that our holding in *Ohio Bell* is therefore inapposite here, the trial court erred nonetheless by entering summary judgment. Civ.R. 56(C) permits consideration only of "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any," that have been "timely filed in [the] action," but despite the rule's limitations, the trial court considered the testimony of the three witnesses who appeared at the hearing on Appellees' motion to enforce the Settlement Agreement. Moreover, the trial court improperly weighed evidence and ruled

on a genuinely disputed issue of material fact—specifically, whether FedEx obligated itself to pay the full amount of the Feights' Medicare liens, or to pay a maximum of $10,000. *See* Final Entry 13.

{¶ 17} The trial court found that the Settlement Agreement is "ambiguous as to the amount of the Medicare liens that FedEx agreed to pay," because Section III simultaneously provides that FedEx will pay the Feights' Medicare liens in an amount "up to $10,000," and contradictorily, that FedEx will pay "all liens and current related medical bills in full." Final Entry 13. In light of the latter provision, the trial court held that Macy did not misrepresent "the amount of the Medicare liens that FedEx agreed to pay" in his correspondence with the Feights, but the court did not expressly rule on the question of whether the text of the Settlement Agreement obligated FedEx to pay the full amount of the Medicare liens, or to pay only an amount less than or equal to $10,000. *See id.* at 13 and 19-20.

{¶ 18} In an email to the Feights dated February 22, 2018, Macy summarized the status of the parties' settlement negotiations at that point. Plaintiffs' Memorandum in Opposition to Defendants' Motion to Enforce Settlement Agreement, Ex. 3. Macy indicated that FedEx would pay the Feights $52,277.46; Medicare "up in full regardless but [in an amount] estimated to be $10,000"; Donegal Mutual "up to $20,000"; the Feights' former attorney, Frank Patrizio, an amount "up to $19,227.78"; and "Aetna" in the amount of $581.21, for a "total amount [of] $92,086.45 paying all the [foregoing] liens." *Id.* The sum of the individually specified amounts, however, was a maximum of $102,086.45, which is as much as $10,000 more than the "total amount" of the offer. *Id.*

{¶ 19} Unsatisfied, the Feights responded with a demand that FedEx pay them

$175,000, in addition to the other payments specified in Macy's email message of February 22, 2018. *See id.* at Ex. 4. Macy then presented a revised proposal in which FedEx offered to pay the Feights $80,000, and to "pay the liens," making a "total offer of $120,000." *Id.* The sum of the previously specified payments to Medicare, Donegal Mutual, Patrizio and Aetna, plus the direct payment of $80,000 to the Feights, was a maximum of $129,808.99, which is as much as $9,808.99 more than the stated total. *Id.* On March 7, 2018, Frank Feight sent a reply in which he expressed his approval of the offer as revised. *Id.*

{¶ 20} These terms were reflected in the Settlement Agreement. *See* Defendants' Motion to Enforce Settlement Agreement, Ex. A, June 28, 2018.[1] In Section III of the agreement, FedEx committed to pay the Feights $80,000; to pay "Donegal [Mutual] [I]nsurance up to $20,000.00"; to pay Patrizio "up to $19,227.78"; to pay "Medicare the lien amount of the related treatment [sic] up to $10,000 lien [sic]"; and to pay "Aetna Insurance $581.21," for a "total settlement payment up to $119,808.99 to pay Mr. & Mrs. Feight and payoff [sic] all liens and current related medical bills in full." *Id.* The sum of the itemized amounts was a maximum of $129,808.99, which is as much as $10,000 more than the stated "total settlement payment." *Id.*

{¶ 21} We concur with the trial court's determination that the Settlement Agreement is ambiguous regarding the extent of FedEx's obligation to pay the Feights' Medicare liens. Final Entry 13. Despite the provision stating that the "total settlement payment [of] $119,808.99" is intended to compensate the Feights themselves, and

---

[1] The Settlement Agreement is the first of the exhibits attached to the motion, though it is not labelled.

generally to pay "all liens and current related medical bills in full," Section III of the agreement also seems to set specific limits on the amounts FedEx must pay in satisfaction of the liens, regardless of the amounts ultimately determined to be due. Furthermore, the "total settlement payment" required of FedEx is expressly limited to $119,808.99, but that would be insufficient by nearly $10,000 to pay $80,000 to the Feights and to pay the liens in the amounts specified, which likewise suggests that FedEx's obligation to pay the Feights' Medicare liens is limited to $10,000 or less. *See, e.g.*, *Hedrick v. Spitzer Motor City, Inc.*, 8th Dist. Cuyahoga No. 89306, 2007-Ohio-6820, ¶ 16 (observing that where "a general provision in a contract conflicts with a specific provision," the principle is "well established that * * * the specific provision controls").

{¶ 22} The trial court considered the validity of the Settlement Agreement in only three respects: first, whether the Feights bound themselves to the agreement by executing it and having it notarized, despite their refusal to deliver the executed and notarized copy; second, whether the agreement was void as the result of allegedly fraudulent misrepresentations made by Macy in his negotiations with the Feights; and third, whether Virgie Feight had contractual capacity at the time she executed the agreement. Final Entry 7-17. Yet, because the "party asserting the existence of a contract has the burden of proof," we hold that the trial court erred by omitting the threshold determination of whether the Settlement Agreement was a valid contract on its face. (Citations omitted.) *Wilhelm v. Coverstone*, 2018-Ohio-3978, 118 N.E.3d 970, ¶ 36 (2d Dist.).

{¶ 23} The "[e]ssential elements of a contract include an offer, [an] acceptance, contractual capacity, consideration," and "a meeting of the parties' minds." *Noroski v.*

*Fallet*, 2 Ohio St.3d 77, 80, 442 N.E.2d 1302 (1982); *Wilhelm* at ¶ 36. Where "the language of a contract is unclear or ambiguous," a court may consider parol evidence to discern and "give effect to the parties' intentions." (Citation omitted.) *See Shifrin v. Forest City Ents., Inc.*, 64 Ohio St.3d 635, 638, 597 N.E.2d 499 (1992). Having found that the Settlement Agreement is ambiguous, the trial court should have reviewed the extrinsic evidence offered by the parties for the purpose of determining whether the Feights and FedEx achieved a meeting of the minds. Although in some of his correspondence with the Feights, along with his testimony at the hearing on the motion to enforce, Macy appeared to indicate that FedEx was offering to pay the Feights' Medicare liens in full, even if that would require paying more than $10,000, the email with which he sent the final draft of the Settlement Agreement stated simply that "FedEx would [pay] [$]80,000" directly to the Feights, and "pay the liens [sic] for a total offer of $120,000." Plaintiffs' Memorandum in Opposition to Defendants' Motion to Enforce Settlement Agreement, Exs. 3-4. The latter email message did not refer to a commitment on the part of FedEx to pay the Medicare liens—or any other liens—in full, and even in the context of previous correspondence, the absence of such a reference arguably could suggest that FedEx intended to limit its obligation to satisfy the liens in exchange for its offer to increase the direct payment to the Feights from $52,277.46 to $80,000.

{¶ 24} We hold that the trial court erred by entering judgment under Civ.R. 56 and by determining that the Settlement Agreement is an enforceable contract notwithstanding the ambiguity of some of its material terms. Strictly for these reasons, the Feights' first assignment of error is sustained.

{¶ 25} For their second assignment of error, the Feights contend that:

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS'
MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PLAINTIFF'S [sic]
CONDITIONAL MEDICARE LETTER AND LIEN[.]

{¶ 26} FedEx and Brooks filed a motion in limine on January 10, 2019, requesting that the trial court enter an order precluding the Feights from introducing into evidence two letters, dated July 17, 2018, and December 14, 2018, that they received regarding conditional payments made by Medicare on their behalf, as well as the amounts of the resulting liens. *See* Magistrate's Decision 2-4. The magistrate recommended that the motion be sustained, and the trial court adopted the magistrate's recommendation. Final Entry 20-21. Here, the Feights argue that the trial court erred by sustaining the motion.

{¶ 27} A "motion in limine is a request 'that [a] court limit or exclude [the] use of evidence which the movant believes to be improper, and is made in advance of the actual presentation of the evidence to the trier of fact." *Gordon v. Ohio State Univ.*, 10th Dist. Franklin No. 10AP-1058, 2011-Ohio-5057, ¶ 82. Given that "a trial court's decision on a motion in limine is a ruling to admit or exclude evidence, [the] standard of review on appeal is whether the trial court committed an abuse of discretion that amounted to prejudicial error." (Citation omitted.) *Id.* An " 'abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 28} The negotiations between the Feights and FedEx were completed on or before March 16, 2018, when the Feights executed the Settlement Agreement and had it

notarized. Because the letters in question did not yet exist at that time, they cannot provide any insight into the parties' intentions with respect to the extent of FedEx's obligation to pay the Feights' Medicare liens. Strictly for this reason, we hold that the trial court did not commit an abuse of discretion by sustaining the motion in limine filed by FedEx and Brooks. The Feights' second assignment of error is overruled.

## III. Conclusion

{¶ 29} We hold that the trial court erred by determining that the Settlement Agreement is enforceable, because certain material provisions of the agreement are ambiguous. Regarding the trial court's ruling on FedEx and Brooks's motion in limine of January 10, 2019, however, we hold that the trial court did not abuse its discretion by sustaining the motion, although our reasoning differs from that of the trial court. Accordingly, the trial court's judgment of December 23, 2019, is reversed in part and affirmed in part, and the case is remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

John K. Fitch
Thomas E. Switzer
Phillip T. Glyptis
Robert Dapper, Jr.
Aetna Life Insurance Co. / Aetna Inc.
Unites States Dept. of Health & Human Services
Benjamin Glassman
Hon. Mary E. Montgomery